**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **CHADWICK J. NEAL,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| v. | )    Case No. CIV-11-105-R |
| | ) |
| **H. B. HAUF, Sheriff, et al.,** | ) |
| | ) |
|     **Defendants.** | ) |

### ORDER

Before the Court is the Second Supplemental Report and Recommendation of United States Magistrate Judge Gary M. Purcell entered October 18, 2011. Doc. No. 39. Also before the Court is Plaintiff's objection to the Magistrate's Second Supplemental Report and Recommendation. Doc. No. 41. The Court reviews the Second Supplemental Report and Recommendation *de novo* in light of Petitioner's objection.

Based upon the evidence before the Court cited by Plaintiff, in particular that Defendants were aware as early as April 19, 2011 of problems of concrete falling off walls; that Plaintiff submitted a letter to Defendants requesting that problems in his cell be fixed or that he be moved to another cell through the delivery system available to him on June 6, 2011; and that Plaintiff and his cellmates verbally notified detention officers of their concerns about visible cracks in the ceiling, Plaintiff argues that Defendants were deliberately indifferent to Plaintiff's safety by failing to ensure that the problems were fixed prior to placing Plaintiff in Cell G-106. Plaintiff also points to the answer of Lambert Construction

Company in Plaintiff's suit against it in state court denying that Defendant had been properly notified of the construction problems related to Plaintiff's receipt of his injury.

Plaintiff did not raise the issue of Lambert Construction Company's answer in Plaintiff's state court action before the Magistrate Judge nor submit a copy of it so Plaintiff has waived any issue relating to it. When Plaintiff wrote the letter of June 6, 2010, Plaintiff was in Cell C-102, not in Cell G-106 where Plaintiff was housed when he was injured. *See* Special Report [Doc. No. 29] at pp. 3-4. Thus, the June 6 letter could not have concerned Cell G-106. The Affidavits attached to the Special Report show that neither of the Defendants nor any detention officer, including the Jail Administrator, were aware of any construction problem or issue with Cell G-106 until after the accident injuring the Plaintiff occurred and that when jail staff believed a construction defect created a potentially dangerous situation, inmates were moved or access to the area was restricted until the defect was repaired. The Notices of Warranty Issues and, in particular, that for Warranty Issue No. 84, dated April 19, 2010, to which Plaintiff points, do not show any issue relating to Cell No. G-106, and reveal that it was the custom of the Payne County Jail to itemize construction issues in cells by cell number, even though it also requested that every bunk in the facility be fixed properly. Thus, Plaintiff's argument that Defendants were deliberately indifferent by failing to ensure that the requested repairs were properly done is irrelevant because there was no notice and no request to repair the ceiling in Cell G-106, where Plaintiff was injured.

Based upon all of the evidence before the Court, considered in a light most favorable to the Plaintiff, reasonable jurors could not find that Defendants Hauf and Lane were deliberately indifferent to a substantial risk of serious harm to Plaintiff.

Therefore, the Second Supplemental Report and Recommendation of the Magistrate Judge [Doc. No. 39] is ADOPTED and the motion of Defendant Hauf and Lane for summary judgment on Plaintiff's Amended Complaint [Doc. No. 33] is GRANTED.

IT IS SO ORDERED this 4th day of November, 2011.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE